(17 Misc. Rep. 165)

SIDWELL v. GREIG et al.

(Supreme Court, Trial Term, Sullivan County. May, 1896.)

EASEMENTS—CREATION—WATER RIGHTS.

The predecessors in title of plaintiff and defendant agreed to create a pond on their adjacent lands, defendant's predecessor to have a right of way through the adjoining lands, and the use of the water in the pond as a highway, and for fishing and boating purposes. Afterwards defendant, in consideration of $2,000 paid by the plaintiff, released all claims, easements, privileges, and rights contained in the agreement for the creation of the pond, except the right to use a certain quantity of water from the pond for milling purposes. *Held*, that defendant thereby released her right to fish in the pond, and she could not thereafter claim such right as incident to her ownership of the soil under the pond.

Action by Katie Sidwell against Robert A. Greig and others for trespass. Judgment for plaintiff.

Charles H. Stage (T. F. Bush, of counsel), for plaintiff.
Thornton A. Niven, for defendants.

CHESTER, J. This action is brought to recover damages for an alleged trespass by the defendants upon a certain pond claimed to be possessed and controlled by the plaintiff. The alleged trespass consisted in fishing in the pond, and removing certain signs forbidding trespassing thereon. The action was tried before the court without a jury. It appears that prior to April, 1889, there was no pond where the one in question is now located, and that the lands upon which it is now situated were meadow lands. Walter Abendroth owned the land now covered by the southern, and Thomas A. Greig the land now covered by the northern, part of the pond. In April of that year, Abendroth and Greig entered into an agreement under seal providing for the creation of a permanent pond upon their adjacent lands. In this agreement, Abendroth, in consideration of the right to overflow the lands of Greig by means of a dam to be built at the southern end of the pond, granted to the latter a certain right of way through the lands of Abendroth, and all necessary landings for boats, "and the use of the water so created by the aforesaid dam as a highway, and for all fishing and boating purposes." The dam was built under this agreement, and the pond created was used jointly between Abendroth and Greig during Greig's lifetime. Abendroth afterwards conveyed his premises to the plaintiff, and Julia T. Greig now owns the premises formerly owned by her husband, Thomas A. Greig, she having acquired them by devise under his will. After these changes in the title, and in October, 1892, the plaintiff, Katie Sidwell, whose name was then Katie Gordon, and Julia T. Greig, entered into an agreement under seal whereby Mrs. Greig, in consideration of the sum of $2,000 paid to her by Mrs. Gordon, and of a covenant on the latter's part to maintain and keep the dam in good order, released Mrs. Gordon from all actions or causes of action by reason of a breach of the aforesaid agreement in relation to creating the pond, but reserved to herself the privilege of drawing water from the pond necessary

for milling purposes, which water privilege was limited in amount by the agreement, and was to be used only for the mill now standing below the dam. In the last-named agreement, Mrs. Greig "released and discharged all claims, easements, privileges, and rights in said agreement contained" (that is, in the agreement creating the pond), "except such only as is hereinbefore expressly mentioned as being reserved." The right reserved as above indicated was the privilege of using a limited supply of water from the pond for milling purposes. Every other right, privilege, and easement contained in the original agreement was released. The claim on behalf of the defendants is that the rights to boat and to fish upon the portion of the pond over the lands of Greig, which was where the signs were removed and the fishing done by the defendants, were not rights obtained by virtue of the original agreement creating the pond, but were rights incident to the ownership of the land. I think, however, that this contention is not well founded. If the pond had not been created, there could have been no boating and no fishing upon the Greig portion of the land; for prior to the original agreement and the erection of the dam there was no water upon the Greig lands, and in the agreement providing for the creation of the pond a provision is inserted for the benefit of Greig, giving him the right of the use of the water created by the dam as a highway, and for fishing and boating purposes. These were rights he secured by reason of the agreement creating the pond, and the erection of the dam thereunder, and were rights, therefore, that Mrs. Greig released in the language above quoted from the last agreement. If my construction of these two instruments is correct, the plaintiff had obtained, by reason of the last agreement, the right to the exclusive control of this pond for all boating and fishing purposes, and therefore the acts of the defendants were unlawful interferences with the plaintiff's rights. She is therefore entitled to judgment for the stipulated amount of damages, with costs.

Judgment for plaintiff, with costs.