William A. Haynes. Appeal from an order granting a bill of particulars. Dos Passos Bros. & Mitchell, for appellants. Greene & Johnson, for respondent.

PER CURIAM. The affidavit upon which the order herein was granted shows that Mr. Bowman, plaintiff's president, made the lease, and had personal knowledge of all the dealings between plaintiff and defendants, and that as such officer he had no knowledge or information sufficient to form a belief concerning the matters set forth in defendants' answer, and upon which they based their alleged counterclaim, and that it was necessary for him to have a bill of particulars of such counterclaim before he could frame his reply to said counterclaim. In our judgment, such affidavit was sufficient, and entitled plaintiff to the order appealed from. The order must be affirmed, with costs. See 52 N. Y. Supp. 159.

SIDWELL v. GREIG et al. (Supreme Court, Appellate Division, Third Department. July 6, 1898.) Action by Katie Sidwell against Robert A. Greig and another.

PER CURIAM. Judgment affirmed, with costs, on opinion below. See 40 N. Y. Supp. 968, 52 N. Y. Supp. 1150.

LANDON, J. (dissenting). I think the defendant's construction of the two contracts is right. A careful examination of the first contract will show that the defendant's grantor granted nothing to the plaintiff's grantor but an easement to overflow the defendant's land. All the rest of the grants and covenants in the agreement are made by the plaintiff's grantor to the defendant's grantor in consideration of the easement of overflow. In the second agreement the defendant releases all actions, damages, and the like which she has or may have against the plaintiff by reason of plaintiff's breach of the first agreement. What these are is not specified, but it needs no authority to show that a release of claims or damages caused by a breach of that contract conveys nothing and grants nothing but immunity from prosecution for infringement upon defendant's rights. But from this release, apparently out of abundant caution, the defendant expressly excepts and reserves her privilege, which the first agreement gave her, of drawing water on plaintiff's land for defendant's mill upon defendant's other lot lying below. The argument is inadmissible that because she reserved rights in the defendant's land, and none in her own, she thereby granted rights in her own. If plaintiff or her grantor ever had any right of fishing upon defendant's land, it was not conferred by either of these contracts.

In re SIRRET et al. (Supreme Court, Appellate Division, Fourth Department. June 18, 1898.) In the matter of the examination of Eugene C. Sirret and Emil G. Sirret, judgment debtors, in proceedings supplementary to execution under the judgment in the action entitled "Supreme Court, New York County. Augustus P. Rockwell against Eugene C. Sirret, William B. Sirret, and Emil G. Sirret." No opinion. Order reversed, with $10 costs and disbursements, and motion denied, with $10 costs. See 51 N. Y. Supp. 1150.

SKANEATELES WATERWORKS CO., Appellants, v. VILLAGE OF SKANEATELES et al., Respondents. (Supreme Court, Appellate Division, Fourth Department. July 26, 1898.) Action by the Skaneateles Waterworks Company against the village of Skaneateles, E. Norman Leslie as president of said village and individually, and others. No opinion. Judgment affirmed, with costs.

SMITH, Respondent, v. CAULDWELL, Appellant. (Supreme Court, Appellate Division, First Department. June 28, 1898.) Action by Charles Sumner Smith against Leslie G. Cauldwell. L. G. Reed, for appellant. Leon Huhner, for respondent. No opinion. Order affirmed, with $10 costs and disbursements.

SMITH, Respondent, v. NEW YORK CENT. & H. R. R. CO., Appellant. (Supreme Court, Appellate Division, Fourth Department. July 26, 1898.) Action by Jacob Smith against the New York Central & Hudson River Railroad Company. No opinion. Judgment and order affirmed, with costs. All concur, except FOLLETT AND ADAMS, JJ., who dissent.

SMITH, Respondent, v. PRATT, Appellant. (Supreme Court, Appellate Division, Third Department. July 6, 1898.) Action by J. Hobart Smith against Laurence Pratt, as trustee, etc. No opinion. Judgment affirmed, with costs.

SMITH, Respondent, v. UNADILLA VAL. R. CO., Appellant. (Supreme Court, Appellate Division, First Department. August 10, 1898.) Action by Alpheus Smith against the Unadilla Valley Railroad Company. R. Floyd Clarke, for appellant. C. D. Ingersoll, for respondent. No opinion. Order affirmed, with $10 costs and disbursements.

SPANGEHL, Respondent, v. SPANGEHL, Appellant. (Supreme Court, Appellate Division, Second Department. June 28, 1898.) Action by Magdalena Spangehl against Louis W. Spangehl. No opinion. Order affirmed, with $10 costs and disbursements.

STANDARD FASHION CO. v. SIEGEL-COOPER CO. (Supreme Court, Appellate Division, First Department. August 10, 1898.) Action by the Standard Fashion Company against the Siegel-Cooper Company. No opinion. Motion for resettlement granted. See 52 N. Y. Supp. 433.

STANDARD FASHION CO. v. SIEGEL-COOPER CO. et al. (Supreme Court, Appellate Division, First Department. June 28, 1898.) Action by the Standard Fashion Company against the Siegel-Cooper Company and others. No opinion. Application for leave to go to the court of appeals granted. See 52 N. Y. Supp. 433.